IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH MILLS, | | No. CIV S-04-2217-DFL-CMK-P |
| | Plaintiff, | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| SAN JOAQUIN COUNTY, et al., | | |
| | Defendants. | |
| _____/ | | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's address of record is in French Camp, California. On November 4, 2004, however, an order served on plaintiff at this address was returned by the U.S. Post Office as undeliverable. Plaintiff has not filed a notice of change of address or otherwise informed the court and defendants of a new address as required by Eastern District of California Local Rule 83-183(b). On September 22, 2005, the court directed plaintiff to show cause in writing within 20 days why this action should not be dismissed for lack of prosecution and failure to comply with court rules. That order was also returned as undeliverable.

/ / /

/ / /

1

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to inform the district court and parties of a change of address pursuant to local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam).

Having considered these factors, and in light of plaintiff's failure to keep the court apprised of his current address, the court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 19, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE